# 𝔖taunton

## J. Louis Early v. The Citizens Bank of Sneedville, Tennessee.

September 13, 1939.

Record No. 2149.

Present, All the Justices.

The opinion states the case.

*W. J. Henson* and *Ted Dalton,* for the plaintiff in error.

*John M. Goldsmith,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The Citizens Bank of Sneedville, Tennessee, instituted an action against J. Louis Early on a negotiable note for $659.-20. A judgment was entered in favor of the bank. Early prosecutes the present writ of error to that judgment.

The note was in the following words and figures:

"$659.20      July 23, 1937,      180 days AFTER DATE I PROMISE TO PAY TO A. J. Bryant (or order) Six Hundred Fifty Nine and 20/100 DOLLARS for value received, with interest at the rate of Legal per cent, per annum after date until paid, with reasonable attorney's fee for collection if not paid when due.

"The drawers and endorsers severally waive presentment for payment, protest and notice of protest, and non-payment of this note.

"Negotiable and payable at *Citizens Bank Sneedville, Tenn.*

J. LOUIS EARLY<br>Radford, Va."

The words in italics were not written in the note when it was signed by the plaintiff in error but were inserted by the payee, A. J. Bryant, without any authority from the plaintiff in error. In fact he had no knowledge that

the place of payment had been written in the note prior to its negotiation to the Citizens Bank of Sneedville.

Under Code, section 5687, any alteration is a material one which "adds a place of payment where no place of payment is specified," but under Code, section 5686, when an instrument "has been materially altered and is in the hands of a holder in due course not a party to the alteration he may enforce payment thereof according to its original tenor."

The question presented is whether the note "is in the hands of a holder in due course not a party to the alteration." If the Bank of Sneedville is such a holder and it had no knowledge of the alteration, then it is entitled to an affirmance of the judgment.

The case resolves itself into one purely of fact. The law is simple and not in dispute.

The material facts established may be stated thus: A. J. Bryant was the agent of the Kansas City Life Insurance Company. He solicited Dr. J. L. Early of Radford, Virginia, and secured an application for a life insurance policy for $10,000 with his company. The issuance of the policy depended upon a satisfactory medical examination. The agent requested Dr. Early to give a note for $659.20, which was to be used as payment for one year's premium, should the company issue the policy. When the note was executed it was agreed between Early and Bryant that it would not be delivered to the company or otherwise transferred until the company had issued the policy and if the policy were refused the note was to be returned to Dr. Early.

The insurance company later declined to issue the policy to the plaintiff in error because his medical examination did not meet with its approval. However, Bryant, the agent of the company, in the mean time filled in the place of payment by inserting the words, "The Citizens Bank of Sneedville," and discounted the note at this bank, in violation of his agreement.

The Citizens Bank of Sneedville brought suit in the lower court on the note against J. Louis Early. He filed a plea of *nil debet* and set forth his grounds of defense under the plea.

They are, first, that the note was only conditionally delivered to Bryant and the conditions were not performed; and second, the note after it was signed and delivered to Bryant by Dr. Early was materially altered by Bryant without the consent of the maker and the words, "Citizens Bank, Sneedville, Tennessee," inserted.

The testimony of the plaintiff in error clearly discloses that the note was delivered to Bryant upon condition that if the policy were not issued the note would be returned to him. This condition was violated and if the litigation had been between Bryant and the plaintiff in error, naturally the latter would have prevailed. However, as indicated, the note was transferred to the Citizens Bank of Sneedville for value and if it had no knowledge of the alteration it stands upon higher ground than Bryant. His fraud in negotiating the note in violation of his agreement could not be charged to the bank unless it had notice of it.

The only testimony touching the important question of the bank's knowledge of the alteration is the deposition of Collins, the cashier, who conducted the transaction. At the time the note here involved was discounted, other notes were transferred to the bank by Bryant who had been a customer and had an established line of credit with the bank.

The note was made upon a printed form but not upon one used by the Citizens Bank of Sneedville. All of the blanks were filled in by Bryant in his own handwriting at the time of the execution of the note except the blank providing for the place of payment which he fraudulently inserted later. As stated, the note was not payable to the insurance company but to Bryant individually. It had been properly executed by the plaintiff in error together with an application for the policy of insurance which was also signed by him. The application was sent to the insurance company and refused by it, but before it was rejected the note had been sold to the bank.

At the time of its negotiation to the bank the note was complete and regular on its face. The place of payment

had been filled in by Bryant and nothing appeared that would have indicated any wrongdoing on his part.

The conclusion that the Citizens Bank of Sneedville is a holder in due course and that it had no knowledge of the alteration in the note is inescapable from a fair and impartial consideration of the entire evidence.

Counsel for the plaintiff in error seize upon one question and answer of the cashier of the bank, upon which they seek to have the court conclusively infer that the bank had knowledge that the place of payment had been inserted in the note after its execution and delivery by the plaintiff in error. The cashier of the bank was asked this question: "When were the words 'payable at the Citizens Bank of Sneedville,' inserted in the note sued on?" He made this reply: "On the day that it was purchased, if it is in the original, I am not sure it is in the original."

We are of the opinion that the question and answer standing alone would not be sufficient to support an inference of knowledge to the bank. If this answer is to be considered alone and not in connection with the other testimony it is not intelligible. Unless we are permitted to look to the entire deposition of the witness the latter portion of the answer "if it is in the original, I am not sure it is in the original" does not convey any meaning. If on the other hand we consider the entire deposition it is seen that the witness did not have the original note when he gave the deposition. He had a copy of the original which was written upon a different note form from the one used in making the original. In any event this witness stated directly and unequivocally in answer to other questions that he did not know of any change in the note and that he did not know where the notes were payable until he discounted them.

The trial court has carefully considered the evidence as a whole and has concluded that the bank had no knowledge of the alteration of the note. The evidence sustains its conclusion.

The point made below but not seriously urged here, that there was a conditional delivery of the note, is not now

important because we have found that the bank was a holder of the note for value and in due course. This being true, the defense of conditional delivery, in so far as the bank is concerned, is unavailing. See Code, section 5578.

The judgment is affirmed.

*Affirmed.*